# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA BRITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV98 DJS |
| | ) | |
| INTERSTATE BRANDS, INC. | ) | |
| and TRICIA RASCH, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Sandra Britt for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the undersigned finds that the applicant is financially unable to pay any portion of the filing fee. However, after a review of the complaint and the corresponding documentation, the Court will not order the Clerk to issue process at this time

## The Complaint

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court is obligated to review pleadings filed in forma pauperis. If at any time it appears that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief against a defendant who is immune from such relief, the Court may dismiss a complaint.

Plaintiff filed the instant action against her former employer, Interstate Brands, Inc., and Human Resource representative, Tricia Rasch, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq. Plaintiff alleges that she was discriminated against in the terms and conditions of her employment and eventually terminated in violation of the law. Plaintiff is also appearing to allege that she was subjected to unwelcome harassment during her employment. Although plaintiff has checked the boxes indicating she is proceeding with her claims under Title VII and the ADEA, she has not completed the section of her complaint indicating the protected class to which she belongs and/or the unlawful grounds for the purported discrimination. See Pltf's Compl., p. 5, No.11. Additionally, although the plaintiff has included with her complaint a copy of a notice of right to sue from the Missouri Commission on Human Rights, she has not indicated on her complaint whether or not she is pursuing a claim under the Missouri Human Rights Act.

Taking into consideration the fact that plaintiff is proceeding pro se and in forma pauperis, the Court will grant her time to file an amended complaint in

accordance with the instructions set forth below.  Moreover, because the Court is allowing plaintiff to amend her complaint, it will take no action as to the named defendants at this time.[1]

Plaintiff is reminded that her amended complaint will supersede her original complaint and will be the only complaint the Court reviews.  Thus, plaintiff must include in the "Caption" of the amended complaint, all the defendants she wishes to sue, and in the "Statement of Claim" (No. 12), she must set out specific facts against each named defendant.  Additionally, plaintiff must attach to her amended complaint her charge of discrimination filed with the Equal Employment Opportunity Commission and/or the Missouri Commission on Human Rights.  Plaintiff risks dismissal of the complaint if she fails to comply with this Court's instructions.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.  See 28 U.S.C. § 1915(a)(1).

---

[1] The Court notes, however, that if plaintiff is attempting to bring *federal claims* against individual defendant Tricia Rasch pursuant to Title VII and/or the ADEA, these claims would likely be subject to dismissal because individual supervisors cannot be liable under Title VII or the ADEA. Roark v. City of Hazen, 189 F.3d 758, 761 (8th Cir. 1999) citing Bonomolo-Hagen v. Clay Central-Everly Community School Dist., 121 F.3d 446, 447 (8th Cir. 1997); Herrero v. St. Louis University Hosp., 929 F.Supp. 1260, 1266 (E.D. Mo. 1996); Griswold v. New Madrid County Group Practice, Inc., 920 F.Supp. 1046 (E.D. Mo. 1996).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to be issued upon the complaint at this time.

**IT IS FURTHER ORDERED** that the plaintiff shall file an amended complaint on or before February 28, 2008. In the amended complaint, plaintiff shall complete in its entirety the court–provided form for filing an employment discrimination complaint. Specifically, in the "Caption" of the form complaint, plaintiff shall set forth the name of each defendant she wishes to sue, and in the "Statement of Claim" (No. 12), she shall set forth as to each named defendant how that particular defendant acted in an unlawful manner. Additionally, plaintiff must attach to her amended complaint any charges of discrimination filed against the named defendants.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff, in addition to a copy of this Memorandum and Order, the court-provided form for filing an employment discrimination complaint.

**IT IS FURTHER ORDERED** that plaintiff's failure to amend her complaint in accordance with this Court's instructions will result in the dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Clerk shall resubmit this action to the Court for review pursuant to 28 U.S.C. § 1915(e).

Dated this  29th  day of January, 2008.

>                /s/Donald J. Stohr
>                UNITED STATES DISTRICT JUDGE